LETTS, Judge.
Before us is the question of whether an option to renew a lease was properly exercised. The trial judge found the attempt at renewal insufficient. We disagree and reverse.
The lease in question contained an option to renew it, providing notice to do so was given “in writing by certified mail ... not less than 180 days prior to the termination of the base term.” Accordingly, on the 180th day, the tenant exercised the option in writing and by certified mail. The landlord, of course, did not receive this mailed notice until the 179th day prior to termination and he claims the moment of receipt controls rather than the mailing date.
The foregoing scenario at first blush appears to serve as a classic background for a “mail box” dispute. On the one hand, it is contended that, under the general law, the exercise is complete upon mailing. See Morrison v. Thoelke, 155 So.2d 889 (Fla.2d DCA 1963). On the other hand, the view is advanced that options are somehow different and cannot be properly exercised until notice is actually received. See Maloney v. Atlantique Condominium Complex, Inc., 399 So.2d 1111 (Fla. 5th DCA 1981); Restatement (Second) of Contracts § 64 (1979).
Frankly, we might prefer the view espoused in the Morrison case, but believe we are not called upon to make a choice between these two holdings because the particular lease now before us specifically provides that the exercise of the option is complete upon certified mailing. It is thus easily distinguishable from the Malo-ney case wherein the language of the lease simply called for written notice to be given within a specified time without reference to the method to be employed to give that notice. We can find no law which precludes a landlord and a tenant from specifying that an option can be exercised by a mailing.
We, therefore, hold that under the terms of the instant lease the tenant properly exercised the option in writing by certified mail.
In light of our conclusion, there is no reason to address the questions of substantial compliance or actual notice, never mind the landlord’s claims that both these latter considerations were waived by the tenant before trial.
REVERSED AND REMANDED WITH INSTRUCTIONS TO ENTER A FINAL JUDGMENT IN ACCORDANCE HEREWITH.
GUNTHER, J., and POLEN, MARK E., Associate Judge, concur.